```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF FLORIDA

                   CASE NO. 08-61041-CIV-ZLOCH
```

DANIEL TURNER,

    Plaintiff,

vs.                                                **O R D E R**

MAMA MIA I, INC.,

    Defendant.
    _____/

THIS MATTER is before the Court upon Plaintiff Daniel Turner's Motion For Attorney's Fees (DE 7). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff brought this action against Defendants under the Fair And Accurate Transaction Act, 15 U.S.C. § 1681 et seq. (hereinafter "FACTA"), for violations of the same. Plaintiff prevailed on a Default Final Judgment, after Defendant failed to respond to his Complaint. See DE 3. Plaintiff now seeks to recover his fees and costs for the successful prosecution of this action, as permitted by statute.

Plaintiff alleges he spent 5.1 billable hours in his efforts, for a total award of fees in the amount of $1,530.00, plus costs in the amount of $630.00. While a party has a right to attorney's fees incurred in the successful prosecution of his claims under FACTA, 15 U.S.C. § 1681n(a)(3), courts have a corresponding duty to make sure that such an award is reasonable. See Hensley v.

Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court. Normally, the adversarial process of the opposing party scrutinizing the fee motion aids the Court in making its determination. This Court was not so fortunate in this action.

The guiding light for the Court's attorney's fees analysis is always reasonableness, fully informed by its duty to exercise care and restraint in awarding fees, lest "[u]ndue generosity encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts." 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998 & West Supp. 2008).

To calculate a reasonable fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may

properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). Counsel for Plaintiff Mr. Matthew J. Militzok, Esq. requests an hourly rate of $300 per hour.  The Court finds that this rate is excessive.

The Court notes this is not a terribly complicated area of the law, FACTA imposes strict liability on Defendants who violate the same.  Plaintiff is a professional FACTA plaintiff who has scores of cases concerning the same cause of action in this district, and the same firm represents Plaintiff in all of these actions. Further, the only evidence offered by Plaintiff's counsel for such a high fee is the Affidavit of his partner. See DE 7, Ex. C. Given the complexity of the case, the routine nature by which Plaintiff's counsel engages in this practice, and the lack of information supporting a higher fee, the Court finds that a fee of $150.00 per hour more than adequately represents a fair and accurate lodestar for Plaintiff's counsel. See, e.g., Murray v. Playmaker Services, LLC., 548 F.Supp. 2d 1378, 1384 (S.D. Fla. April 23, 2008) (discussing the attorney's fees charged at different large firms for work performed).

Once the lodestar is set, the Court must determine the reasonable number of hours expended by Plaintiff's attorney in the

3

successful prosecution of this action.  This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301)  (emphasis omitted).  The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant.  See id. at 428.  The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees awarded.  Id.  At the same time, the party opposing the fee application must satisfy its obligation to provide specific and reasonably precise objections concerning hours that should be excluded.  Id.  If the party moving for fees fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary."  Id.

There are a few entries that the Court specifically finds are excessive.  Plaintiff's attorney seeks 0.4 hours his initial meeting with Plaintiff.  As noted above this Plaintiff has scores of suits pending in this district, and there is no reason for he and his attorney to be compensated for 0.4 hours for an "initial" meeting.  Second, Plaintiff's attorney claims that he spent 0.9 hours drafting the "Complaint, Summons, and Civil Cover Sheet."

4

The Complaint is the same form entered in many of these cases; the secretarial work of filing out a cover sheet and summons should not be done by an attorney billing a client $300.00 per hour.  Third, for the Motion For Default Final Judgment Plaintiff seeks 1.4 billable hours.  The Motion is five pages long and has three sentences of original text; the balance of the motion is the summons, the Return of Service, and the Certificate of Service. Based on this unreasonable billing, the Court will reduce Plaintiff's award of attorney's fees to two billable hours. Further, the Plaintiff may not collect for the expert fee of $250.00 for the attorney fee application, as a cost for this action under § 1920.  Therefore, the Court will award Plaintiff attorney's fees in the amount of 2 billable hours for his attorney's work in the successful prosecution of this action and $380.00 in costs.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Daniel Turner does have and recover from Defendant Mama Mia I, Inc. the sum of $780.00 for fees and costs incurred in the successful prosecution of this action, for all of which let execution issue.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___8th___ day of September, 2008.

	_____
	WILLIAM J. ZLOCH
	United States District Judge

Copies furnished:
All Counsel of Record